# United States District Court
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:14-CR-039-O (01) |
|  | U.S. Marshal's No.: 31372-177 |
|  | Chris Wolfe, Assistant U.S. Attorney |
| WILLIAM BRYANT INMAN | Mark Danielson, Attorney for the Defendant |

On, April 21, 2014, the defendant, WILLIAM BRYANT INMAN, entered a plea of guilty to Count One of the One Count Indictment filed on March 12, 2014.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(a)(2) | Fraudulent  Use of Unauthorized Access Devices | November 1, 2013 | 1 |

The defendant is sentenced as provided in pages two through three of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for Count One of the One Count Indictment filed on March 12, 2014.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed on September 22, 2014.

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 3, 2014.

# IMPRISONMENT

The defendant, WILLIAM BRYANT INMAN, is hereby committed to the custody of the Federal Bureau of Prison (BOP) to be imprisoned for a term of **EIGHTY-FOUR (84) months** on Count One of the One Count Indictment filed on March 12, 2014. This sentence is imposed to run consecutive to pending state parole revocations, in Case Nos. F20110709E and F20110708E, in Denton County, Texas.

The Court recommends to the BOP that defendant be housed at an FCI facility near the Dallas/Fort Worth, Texas area, if possible. The Court further recommends the Institutional Drug Treatment program, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) years** on Count One of the One Count Indictment filed on March 12, 2014.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)  not leave the judicial district without the permission of the Court or probation officer;
( 2)  report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)  answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)  support the defendant's dependents and meet other family responsibilities;
( 5)  work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)  notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)  refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)  not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)  not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)  permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)  notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)  not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)  notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

Judgment in a Criminal Case  
Defendant:   WILLIAM BRYANT INMAN                                            Judgment -- Page 3  of  3  
Case Number:   4:14-CR-039-O (01)

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment, and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill;

participate in a program (inpatient and/or outpatient) approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment and contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

not incur new credit charges or open additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation; and,

if, upon commencement of the term of supervised release, any part of the $44,119.27 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $300.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

## FINE/RESTITUTION

The defendant is ordered to make restitution, in the amount of $44,119.27. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the victims listed in paragraph 160 of the Presentence Report. (See attached list.)

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $44,119.27 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $300 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration and make restitution.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to_____

at_____, with a certified copy of this judgment.

_____  
United States Marshal

BY  _____  
Deputy Marshal

**Victim List**
**William Bryant Inman, Jr.**
**4:14-CR-039-O(01)**

GE Capital/Fraud Restitution
P.O. Box 8726
Dayton, OH 45401
Amount: $3,061.90

Wal-Mart Restitution and Recovery
P.O. Box 504765
St Louis, MO 63150-4765
Amount: $2,645.89

Safeway
unknown
Unknown, TX 0000
Amount: $93.28

Telecheck
Attn: Toni Sirles
5251 Westheimer Road
Houston, TX 77056
Amount: $10,830.15

Kohl's Corporate Office
Attn: Loss Prevention
N56 W17000 Ridgewood Drive
Menomonee Fall, WI 53051
Amount: $989.56

JPM Chase Bank
Attn: Restitution
P.O. Box 710988
Columbus, OH 43271-0988
Amount: $4,297.14

Sterling Jewelers
Attn: Credit Fraud Department
375 Ghent Road
Akron, OH 44333
Amount: $13,598.18

Wells Fargo Bank
NA-Fraud Investigations
P.O. Box 912038, Dept 2038
Denver, CO 80291-2038
Amount: $256.31

Qwings Auto
Attn: Donna
519 E. Division
Arlington, TX 76011
Amount: $170.00

Barry Cowling
6272 Glenview Drive, No. 170
North Richland Hills, TX 76180
Amount: $1,347.20

Plains Capital Bank
6221 Riverside Drive, Ste 105
Irving, TX 75039
Amount: $1,171.48

First Convenience Bank
2009 Chenault Drive, Ste 106
Carrollton, TX 75006
Amount: $410.89

Bank of America
Attn: Recovery Support
800 Market Street
Mail Code: MO1-800-06-15
St. Louis, MO 63101
Amount: $655.65

Vanessa Boswell
6517 Storm Drive
Watauga, TX 76148
Amount: $75.00

Samatha Cantrell (Cash)
6401 GreenRidge Drive
Watauga, TX 76148
Amount: $25.00

Citi Security and Investigative Services
14700 Citicorp Drive, Bldg 2
First Floor, MC 5205
Hagerstown, MD 21742
Amount: $4,491.64

Total restitution: $44,119.27